James H. Wilkins, #116364
WILKINS, DROLSHAGEN & CZESHINSKI LLP
7050 N. Fresno Street, Suite 204
Fresno, CA 93720
Telephone: (559) 438-2390
Facsimile: (559) 438-2393

(SPACE BELOW FOR FILING STAMP ONLY)

Attorneys for Plaintiff, CALIFORNIA DAIRIES, INC., a California Corporation

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA DAIRIES, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>RSUI Indemnity Company<br><br>Defendant. | Case Number<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br>**(JURY TRIAL DEMANDED)** |

California Dairies, Inc., ("CALIFORNIA DAIRIES") alleges as follows:

1. At all times herein mentioned, CALIFORNIA DAIRIES, INC, was and now is a California corporation with its principal place of business located in the County of Tulare, State of California.

2. RSUI Indemnity Company ("RSUI") is an insurance company licensed to do business in the State of California and doing business in Fresno County, State of California. Upon information and belief it is alleged that RSUI is incorporated and has its principal place of business in states other than California.

3. Jurisdiction in this case is based on 28 U.S.C. §1332 in that this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

4. Wherein venue in this district is proper pursuant to 28 U.S.C. §1391(a) because a substantial part of the events or omissions giving rise to the claim occurred in this district and RSUI is subject to personal jurisdiction in this district.

5. CALIFORNIA DAIRIES is the named insured under a directors and officers liability policy issued by RSUI, policy no. NHP624128, with an effective policy period of February 1, 2007 through February 1, 2008 (hereinafter "THE POLICY".) THE POLICY was issued in California to a California policyholder.

6. The insuring agreement of THE POLICY obligated RSUI to pay on behalf of CALIFORNIA DAIRIES all **loss** CALIFORNIA DAIRIES is legally obligated to pay for claims involving **wrongful acts** first made against CALIFORNIA DAIRIES during the policy period. Thereafter, THE POLICY defined "loss" and "wrongful acts" as follows:

> "**Loss** means damages (including back pay and front pay), settlements, judgments (including pre-and post-judgment interest on a covered judgment) and defense expenses. . . ."
>
> "**Wrongful Acts** means any actual or alleged act, error, omission, misstatement, misleading statement, neglect or breach of duty . . . by. . ." California Dairies.

7. On or about January 4, 2008, Walter Gonzalez filed a "Class Action Complaint" in Tulare County Superior Court, Case No. 08-226450, alleging causes of action for failure to pay minimum wages; failure to pay all regular and all overtime wages; failure to provide all mandated meal periods or pay additional wages in lieu thereof; failure to provide home mandated rest periods or pay additional wages in lieu thereof; failure to provide and maintain required employee uniforms; failure to issue mandated accurate wage statements; failure to timely pay wages due at termination; and violation of Unfair Competition Law. Said action shall hereinafter be referred to as (" THE UNDERLYING ACTION").

8. The basis of the claims asserted in THE UNDERLYING ACTION was that CALIFORNIA DAIRIES had violated various California Labor Code provisions, specifically Sections 200, 201, 202, 203, 204, 218, 218.6, 221, 223, 226.7, 500, 510, 512, 1194, 1194.2, 2802. No allegations are made that CALIFORNIA DAIRIES violated any provisions of any federal labor statutes.

9. CALIFORNIA DAIRIES' first notice of the claims asserted in THE UNDERLYING ACTION was when it was served with the underlying complaint after January 4, 2008. In addition,

WILKINS,
DROLSHAGEN &
CZESHINSKI LLP
7050 N. Fresno Street,
Suite 204
Fresno, CA 93720

2

Complaint for Declaratory Relief

the filing of the underlying complaint was the first time any such claims were made against CALIFORNIA DAIRIES.

10. In accordance with the provisions of THE POLICY, and on or about February 15, 2008, CALIFORNIA DAIRIES notified RSUI of the claims asserted and THE UNDERLYING ACTION.

11. On March 3, 2008, RSUI acknowledged receipt of the notice of the claim and UNDERLYING ACTION, and confirmed that the claims and damages asserted in THE UNDERLYING ACTION triggered coverage under the insuring agreement of THE POLICY. However, RSUI denied coverage making reference to the following three exclusionary provisions included within THE POLICY:

> "Based upon, arising out of or attributable to the gaining by any **insured** of any profit or advantage to which **insured** was not legally entitled; provided, this EXCLUSION shall not apply unless a judgment or other final adjudication adverse to such **insured** establishes that the **insured** gains such profit or advantage;
>
> Based upon, arising out of or attributable to any criminal, malicious, fraudulent, knowingly wrongful, or dishonest act or omission of any **insured**; provided this EXCLUSION, shall not apply unless a judgment or other final adjudication adverse to the **insured** establishes such acts or omissions;
>
> For violation of any of the responsibilities, obligations or duties imposed by the Employees Retirement Income Security Act of 1974, the Fair Labor Standards Act (except the Equal Pay Act), the National Labor Relations Act, the Worker Adjustment and Retraining Notification Act, the Consolidated Omnibus Budget Reconciliation Act, the Occupational Safety & Health Act, any rules or regulations of any of the foregoing promulgated thereunder, and amendments thereto or any similar provisions of any federal, state or local statutory law or common law; provided, this EXCLUSION shall not apply to **loss** arising from a **claim** for employment related retaliation . . . ."

12. CALIFORNIA DAIRIES requested RSUI to reconsider its denial in light of the fact that THE UNDERLYING ACTION did not include any claims for violations of any federal labor laws. For example, on May 5, 2008, CALIFORNIA DAIRIES, through its counsel, advised RSUI

that exclusions 1 and 2 did not provide a basis to deny coverage because they required a final adjudication before they would apply. In addition, CALIFORNIA DAIRIES advised that exclusion 4 did not apply because the claims asserted in THE UNDERLYING ACTION were not similar to federal law because the state remedies being sought were not provided for or discussed within the federal labor law.

13. RSUI, as a California licensed insurer, is aware of the well established California case law which holds that exclusionary provisions, such as exclusion 4 upon which RSUI relied to deny coverage, are required to be interpreted narrowly in favor of coverage. RSUI, at all material times, was also aware of California case law which has held that the thrust of FLSA is not the same or similar to the California labor laws. In fact, case law has made it clear that there are substantial and significant differences between the FLSA and the California labor laws which establish them to be dissimilar in numerous and substantial respects. Under these circumstances, and because RSUI failed to include adequate definitions of key words and phrases within THE POLICY, THE POLICY is ambiguous.

14. On May 14, 2008, RSUI acknowledged that exclusions 1 and 2 would not apply absent a final adjudication. However, RSUI continued to stand by its decision to deny coverage based on exclusion 4 of THE POLICY.

15. A dispute now exists between Plaintiff and Defendant in that Plaintiff contends that THE POLICY is reasonably susceptible to an interpretation that the claims and damages, including defense fees and costs incurred in THE UNDERLYING ACTION, are covered under the provisions of THE POLICY. RSUI contends that no coverage applies. As a result, an actual controversy now exists between Plaintiff and Defendant relating to the parties' respective rights and duties with respect to THE POLICY and the claims asserted in THE UNDERLYING ACTION.

16. Accordingly, CALIFORNIA DAIRIES seeks a declaration that once the applicable self insured retention has been satisfied RSUI is obligated to reimburse CALIFORNIA DAIRIES for the loss it has and is incurring, including the attorneys fees and costs incurred to defend THE UNDERLYING ACTION, and payment of any settlement or judgment obtained in THE UNDERLYING ACTION.

WILKINS,
DROLSHAGEN &
CZESHINSKI LLP
7050 N. Fresno Street,
Suite 204
Fresno, CA 93720

4

Complaint for Declaratory Relief

WHEREFORE, CALIFORNIA DAIRIES prays for judgment in this action against RSUI as follows:

1. That the court declare that RSUI has an obligation to reimburse California Dairies for the defense fees and costs incurred, and any settlement or judgment it is required to pay as a result of THE UNDERLYING ACTION, to the extent the sum exceeds the applicable self insured retention under THE POLICY;

2. For costs of suit herein incurred;

3. For such other and further relief as the court deems just and proper.

Dated: June 5, 2008

WILKINS, DROLSHAGEN & CZESHINSKI LLP

By _____
James H. Wilkins
Attorneys for Plaintiff, CALIFORNIA DAIRIES, INC., a California Corporation

## DEMAND FOR JURY TRIAL

PLAINTIFF CALIFORNIA DAIRIES, INC., hereby demands a trial by jury on all issues so triable.

Dated: June 5, 2008

WILKINS, DROLSHAGEN & CZESHINSKI LLP

By _____
James H. Wilkins
Attorneys for Plaintiff, CALIFORNIA DAIRIES, INC., a California Corporation

F:\Data\Gonzalez v. California Dairies\pleading\complaint.declaratoryrelief.wpd